IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IESHA GATLIN, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, ) ) ) ) Plaintiff ) ) v. ) ) MG ROHAN INC., D/B/A ALL TRUST HOME CARE ) ) Defendant ) | No. 18 cv<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, IESHA GATLIN, on behalf of herself and all other Plaintiffs similarly situated, by and through her attorney, JOHN W. BILLHORN, and for her Complaint against Defendant, MG ROHAN INC., D/B/A ALL TRUST HOME CARE, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

III. **THE PARTIES**

3. Defendant, **M G ROHAN, INC., D/B/A ALL TRUST HOME CARE,** provides in-home health care services to customers and is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, **IESHA GATLIN,** is a current employee (hereinafter referred to as "the named Plaintiff"), who performs work for Defendant as a 24-hour in-home health care attendant providing companionship, hygiene care, laundry, cooking, cleaning, and assisting clients' needs throughout the day and overnight. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

5. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

6. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a

2

group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

7. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Plaintiff at all times pertinent to the cause of action was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10. Defendant employed Plaintiff and assigned Plaintiff and other members of the Plaintiff Class three (3) or more 24 hour shifts per week.

11. For each shift Plaintiff and members of the Plaintiff Class were paid an hourly rate of pay.

12. Plaintiff, and members of the Plaintiff Class, were required to provide clients companionship in addition to cooking, cleaning, assisting clients with personal hygiene care, and during "on-call" duty at night, assist with care as needed and required.

13. During their 24-hour shift of care and companionship, Plaintiff and members of the Plaintiff Class were required to be in a constant state of awareness of the client's needs. Though not providing medical services, the need for emergent medical services was always imminent and the recognition of such needs was the responsibility of care-givers such as Plaintiff and members of the Plaintiff Class, and Plaintiff and members of the Plaintiff Class were required to be wait on the client's premises to be engaged on a minute's notice.

14. As of January 1, 2015, the provisions of the FLSA were amended to include overtime and minimum wage coverage for the kind of companion services described above. Plaintiff and other members of the Plaintiff Class continued to be paid no more than 13 hours per shift so as to keep the three (3) shift per week totals below the 40-hour threshold for overtime pay, although Plaintiff and members of the Plaintiff class worked many more compensable hours.

15. In 2017 Defendant permitted the 13-hour payment per 24 hour shift to increase to 14 hours. Defendant suffered or permitted Plaintiff and members of the Plaintiff Class to work hours over 14 hours per shift in that Defendant knew or had reason to believe Plaintiff and members of the Plaintiff Class were continuing to work well beyond the 14 hours for which they were paid, all in violation of 29 CFR §785.11, which states:

### 29 CFR §785.11

Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct

errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time. (Citations Omitted)

16. Plaintiff and members of the Plaintiff Class were required or permitted to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 16 of this Count I.

17. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

18. Defendant has at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

      (c)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

      (d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of Count II.

19. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

20. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

      (a)    awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-20. Paragraphs 1 through 20 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of Count III.

21. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

22. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

      (b)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

      (c)    for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

      1-22.    Paragraphs 1 through 22 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of this Count IV.

      23.    As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

      24.    The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

      25.    Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

      WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

      (a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

      (b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

      (c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

      (d)    directing Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

      (e)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 02/06/2018*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.